Joshua Briones (SBN 205293)
JBriones@mintz.com
E. Crystal Lopez (SBN 296297)
ECLopez@mintz.com
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, California  90067
Telephone: (310) 586-3200
Facsimile: (310) 586-3202

Attorneys for Defendant
BALLER, INC.

'23 CV 0446 CAB MDD

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

MARY RICKEY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

BALLER, INC., a Delaware corporation; and DOES 1-50, inclusive,

Defendants.

**NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(b) AND 1446 BY DEFENDANT BALLER, INC.**

[San Diego Superior Court Case No. 37-2022-00044840-CU-BT-CTL]

**JURY TRIAL DEMANDED**

Complaint Filed:  November 7, 2022

## TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that Defendant Baller, Inc. ("Baller") hereby removes this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, on the grounds that federal jurisdiction exists under the Class Action Fairness Act ("CAFA"). Here, the proposed plaintiff class consists of over 100 members, minimal diversity exists because Baller is a citizen of California and the purported putative class includes at least one citizen of another state, and the amount in controversy exceeds $5,000,000. Additionally, this Notice of Removal is timely and fulfills all procedural requirements.

## I. **PROCEDURAL HISTORY**

1. On November 7, 2022, Plaintiff Mary Rickey ("Plaintiff"), individually and on behalf of all others similarly situated, filed this action, captioned *Mary Rickey v. Baller, Inc., et al.*, Case Number 37-2022-00044840-CU-BT-CTL, in the Superior Court of the State of California for the County of San Diego (the "Superior Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), Baller has attached, as **Exhibit 1**, a copy of all process, pleadings, and orders served upon Baller or otherwise filed in the Superior Court Action. True and correct copies of Plaintiff's Summons and Class Action Complaint (the "Complaint") are included in Exhibit 1.

3. Plaintiff served Baller with the Summons and Complaint in the Superior Court Action on November 10, 2022. *See* Ex. 1.

4. On December 9, 2022, Plaintiff filed a First Amended Complaint (the "Amended Complaint") in the Superior Court Action and served Baller with the Amended Complaint on December 12, 2022. *See* Ex. 1.

5. Plaintiff generally alleges claims against Baller for violations of (1) False Advertising [Bus. & Prof. Code, § 17500 & § 17535]; (2) California Automatic Renewal Law [Bus. & Prof. Code, § 17600 *et seq.* & § 17535]; and (3) Unfair Competition [Bus. & Prof. Code, § 17200 *et seq.*].

6. Plaintiff purports to bring this action on behalf of a nationwide class of "[a]ll individuals in the United States who purchased a subscription through the website www.BallerTV.com within the applicable statute of limitations period and did not receive a full refund. [Exclusions omitted]" (the "Nationwide Class"); and a subclass of "[a]ll individuals in California who purchased a subscription through the website www.BallerTV.com within the applicable statute of limitations period and did not receive a full refund. [Exclusions omitted]." (the "California Subclass"). Ex. 1, Am. Compl. ¶¶ 40-41.

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(B) AND 1446 BY DEFENDANT BALLER, INC.

7.      The Amended Complaint seeks declaratory relief, injunctive relief, restitution, and recovery of costs and reasonable attorneys' fees. *Id*. at 20-21, Prayer.

8.      On January 11, 2023, Plaintiff and Baller (the "Parties") filed a joint stipulation to extend Baller's time to file its responsive pleading to allow the Parties to pursue mediation. *See* Ex. 1. On January 18, 2023, the Superior Court judge extended Baller's deadline to file its responsive pleading until March 12, 2023. *See* Ex. 1.

9.      On February 1, 2023, the Parties met for a mediation.

## II.    <u>REMOVAL IS PROPER BECAUSE THIS COURT HAS CAFA JURISDICTION PURSUANT TO 28 U.S.C. § 1332(D).</u>

10.    This action is removable pursuant to 28 U.S.C. § 1441(a) because this is an action over which this Court has original jurisdiction.

11.    This Court possesses original jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453. CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (i.e., minimal diversity exists); (2) the putative class consists of more than 100 members; and (3) the amount in controversy is $5 million or more, aggregating all claims and exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332 (d)(5)(B). Each of these requirements is met here for the reasons stated below.

12.    This Action meets the CAFA definition of a class action, which includes "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action" *See* 28 U.S.C § 1332(d)(1)(B).

### A.    DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES.

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(B) AND 1446 BY DEFENDANT BALLER, INC.

13.     Minimal diversity exists between Baller and the members of the putative class under 28 U.S.C. § 1332(d)(2)(A). Under CAFA, minimal diversity is met if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

14.     Baller is now, and was at the time of the filing of this action, a Delaware corporation organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California, and is therefore a citizen of the States of Delaware and California for purposes of determining diversity. Ex. 1, Am. Compl. ¶ 5 (alleging Baller to be incorporated in Delaware with its principal place of business in California); *See* 28 U.S.C. §1332(c)(1) (deeming the citizenship of a corporation to be where "it has been incorporated and . . . where it has its principal place of business."); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (concluding that the "principal place of business" is the "nerve center . . . where the corporation maintains its headquarters").

15.     Plaintiff brings this action on behalf of a nationwide class of "[a]ll individuals in the United States who purchased a subscription through the website www.BallerTV.com . . ." Ex. 1, Am. Compl. ¶ 40. Baller's subscriptions are available and sold throughout the United States, including in states other than California. On or about December 15, 2023, Baller determined that there is at least one individual from New York that would fall under Plaintiff's purported Nationwide Class. Thus, at least one member of the purported class is from a state other than California, thereby satisfying minimal diversity for purposes of CAFA jurisdiction. *See* 28 U.S.C. § 1332(d)(2)(A). *See Perea v. Fedex Ground Package Sys.*, No. 20-cv-00610-DMS-AHG, 2020 U.S. Dist. LEXIS 124433, at *5 (S.D. Cal. July 15, 2020) ("Thus, when dealing with cases arising under CAFA, its provisions must be 'read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'") (internal citations omitted).

## B.   NUMBER OF CLASS MEMBERS IS SATISFIED.

16.   Plaintiff alleges that the number of class members "consist of at least 100 members." Ex. 1, Am. Compl. ¶ 44. Therefore, CAFA's requirement that the putative class consists of more than 100 members is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

## C.   THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED.

17.   The amount in controversy in this action satisfies CAFA's $5,000,000 jurisdictional threshold. Under CAFA, the claims of all class members are aggregated to determine if the amount in controversy exceeds the "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). To determine the amount in controversy, courts first look to the complaint and "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Id.* (citation omitted). Where a complaint does not specify the amount of damages sought, the removing defendant need only establish that it is more likely than not that the amount in controversy requirement has been met. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). "The removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009).

18.   Here, Plaintiff seeks relief on behalf a Nationwide Class and a California Subclass who purchased "subscriptions to BallerTV during the four years preceding the filing of this Complaint." Ex. 1, Am. Compl. ¶¶ 40-41, 68, 76. Plaintiff and the

putative class seek, *inter alia*, an order requiring Baller to pay restitution to all Class members. *Id.* ¶¶ 68, 76.

19.   Additionally, Plaintiff seeks to recover attorneys' fees, which contribute to the alleged amount in controversy. Ex. 1, Am. Compl. at 21 (Prayer); *Kroske* v. *US. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (including attorney's fees in amount in controversy); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998) (including attorneys' fees in calculating the amount in controversy requirement for traditional diversity jurisdiction).

20.   Furthermore, Plaintiff "seeks a public injunction prohibiting [Baller] from continuing their unlawful practices." Ex. 1, Am. Compl. ¶¶ 69, 77. *See e.g.*, *Bayol v. ZipCar, Inc.*, 2015 WL 4931756, at *10 (N.D. Cal. Aug. 18, 2015) ("[A] defendant's aggregate cost of compliance with an injunction is appropriately counted toward the amount in controversy.").

21.   Accordingly, while Baller contends that Plaintiff's allegations and claims are without merit, and that neither the Plaintiff nor the putative class members are entitled to any relief, the aggregate amount in controversy here exceeds the jurisdictional requirement of $5,000,000. *See e.g.*, *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002) (noting that when amount in controversy is not clearly specified in the complaint, the court may consider facts in the complaint as well as in the removal petition); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059 (9th Cir. 2021) ("A notice of removal 'need not contain evidentiary submissions' but only plausible allegations of the jurisdictional elements.") (citations omitted).

## III.   <u>ALL OTHER STATUTORY REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED.</u>

22.   This Notice of Removal is properly filed in the United States District Court for the Southern District of California because the Superior Court of the State

of California for the County of San Diego is located in this judicial district. *See* 28 U.S.C. § 1441(a).

23.     This Notice of Removal is timely. Neither the Complaint nor the Amended Complaint expressly allege a specific amount in controversy. The first time period under § 1446(b)(1) is "triggered if the case stated by the initial pleading is removable on its face," and the second time period under § 1446(b)(3) is "triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." *Carvalho v. Equifax Info. Servs., LLC*, 629 F. 3d 876, 885 (9th Cir. 2010) (internal quotation marks and citations omitted). Here, Baller initially had no basis on which to remove Plaintiff's complaint to federal court since the thirty-day removal period was not triggered by the Complaint or the Amended Complaint. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123 (9th Cir. 2013) (holding that where jurisdictional facts are not contained in the initial pleading, the first thirty-day deadline is not triggered even if defendant could have discovered those facts through its own investigation); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 693 (9th Cir. 2005) ("[T]he first thirty-day requirement is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is 'not removable' at that stage."); *Zhao v. RelayRides, Inc.*, No. 17-cv-04099-JCS, 2017 U.S. Dist. LEXIS 204415, at *32 (N.D. Cal. Dec. 12, 2017) (holding the Complaint "did not reveal on its face that the action was removable under CAFA" because it "contained no specific allegations regarding" the amount of damages).

24.     On or about February 15, 2023, Baller learned that the amount in controversy based on Plaintiff's allegations exceeds $5 million when it reviewed internal records in preparation for the February 21, 2023 mediation. The Notice of Removal is timely because it is filed within 30 days of Baller's internal investigation.

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(B) AND 1446 BY DEFENDANT BALLER, INC.

*See e.g.*, *Zhao*, 2017 U.S. Dist. LEXIS 204415, at \*37 (concluding "the removability of this case was not established until Defendants conducted their own investigation to determine the likely amount of classwide damages."); *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1179−80 (9th Cir. 2015) (holding that although removal was filed two years after the commencement of the action, removal was timely because defendant removed it within 30 days of ascertaining removability under CAFA through plaintiff's answers to defendant's fifth set of interrogatories). Accordingly, this Notice of Removal is timely. *See Morand-Doxzon v. Delaware N. Cos. Sportservice, Inc.*, No. 20-cv-1258 DMS (BLM), 2020 U.S. Dist. LEXIS 204294, at \*3 (S.D. Cal. Nov. 2, 2020) ("Furthermore, 'no antiremoval presumption attends cases invoking CAFA,' and its provisions must be interpreted 'broadly in favor of removal.'") (internal citations omitted).

25.    This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

26.    There are no other named defendants in this action other than Baller, thus no consent to removal is necessary.

27.    No previous application has been made for the relief requested herein.

28.    Pursuant to 28 U.S.C. § 1446(a), a copy of processes, pleadings and orders served upon Baller in this action, which include the Complaint, Summons, and Amended Complaint are attached. *See* Ex. 1.

29.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly served on the Plaintiff and promptly filed with the clerk of the Superior Court of the State of California for the County of San Diego.

30.    No admission of fact, law, or liability is intended by this Notice of Removal, and Defendant expressly reserves all defenses, counterclaims, and motions otherwise available to it.

IV.     **CONCLUSION**

For the foregoing reasons, this action is within this Court's original jurisdiction and meets all requirements for removal, such that removal is proper under 28 U.S.C. §§ 1332(d), 1441(a), and 1446. Accordingly, Baller respectfully removes this action from the Superior Court for the State of California, County of San Diego, to this Court.

Dated:  March 10, 2023                    Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

By:  Joshua Briones
      E. Crystal Lopez

      Attorneys for Defendant
      BALLER, INC.

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(B) AND 1446 BY DEFENDANT BALLER, INC.

## EXHIBITS – TABLE OF CONTENTS

| Exhibit Number | Description | Page Number |
|---|---|---|
| 1 | Copies of all process, pleadings, and orders entered in the Superior Court Action. | 10-127 |

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441(B) AND 1446
BY DEFENDANT BALLER, INC.